UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

IRA BRASWELL, IV,
            *Plaintiff-Appellant,*

v.

MONTGOMERY COUNTY
DEPARTMENT OF CORRECTIONS AND
REHABILITATION,
            *Defendant-Appellee.*

No. 01-1427

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-00-334-PJM)

Argued: September 23, 2002

Decided: December 13, 2002

Before MICHAEL and GREGORY, Circuit Judges, and
Rebecca Beach SMITH, United States District Judge
for the Eastern District of Virginia,
sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

**ARGUED:** Laurence Samuel Kaye, THE KAYE LAW FIRM, Rockville, Maryland, for Appellant. Sharon Veronica Burrell, Principal Counsel for Self-Insurance Appeals, Rockville, Maryland, for Appel-

lee. **ON BRIEF:** Charles W. Thompson, Jr., County Attorney, Joann Robertson, Chief Counsel, Division of Litigation, Rockville, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellant Ira Braswell ("Braswell") appeals the district court's decision to dismiss his race discrimination complaint against his former employer, Appellees Montgomery County Department of Corrections and Rehabilitation ("the Montgomery County Department of Corrections"), for failure to state a claim. For the reasons that follow, we affirm.

I.

Braswell was employed by the Montgomery County Department of Corrections as a Grade 19 Residential Supervisor. In July 1993, Braswell filed a timely discrimination complaint with the Montgomery County Human Relations Commission ("MCHRC") and the Equal Employment Opportunity Commission ("EEOC"), alleging that the Montgomery County Department of Corrections' failure to promote and laterally transfer him constitutes race and gender discrimination. His claim before the MCHRC is currently pending resolution.

In November 1999, the EEOC issued Braswell a "Right to Sue" letter. Exercising his rights under the letter, Braswell filed a *pro se* complaint in federal district court in Maryland in which he alleged that the Montgomery County Department of Corrections violated Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866. Shortly thereafter, Braswell retained counsel and filed a first amended complaint and a motion to stay the federal court proceedings.

Braswell's first amended complaint contains three Counts: Count One seeks compensatory damages, Count Two seeks attorney's fees and other costs based on the MCHRC's determination of liability, and Count Three seeks attorney's fees in the federal-court action. In his first amended complaint, Braswell emphasizes that "[he] is not asking for a determination of liability but only for an award of damages as to any damages not available to Plaintiff at the administrative level before the MCHRC" pursuant to the Supreme Court's decision in *New York Gaslight, Inc. v. Carey*, 447 U.S. 54, 65 (1980).\* J.A. 51.

After opposing Braswell's motion to stay and answering his first amended complaint, the Montgomery Department of Corrections filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c), which the district court granted in March 2001. Braswell's appeal followed.

## II.

We review the grant of a motion to dismiss *de novo*. *See Puryear v. County of Roanoke*, 213 F.3d 514, 517 (4th Cir. 2000). In order to uphold a dismissal, we must find that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Bruce v. Riddle*, 631 F.2d 272, 273-74 (4th Cir. 1980) (citing *Scheur v. Rhodes*, 416 U.S. 232 (1974)).

---

\*In 1998, the Maryland Court of Special Appeals ruled, among other things, that the award of compensatory damages and attorney's fees and costs in a proceeding before the MCHRC was unconstitutional. *See Broadcast Equities, Inc. v. Montgomery County*, 123 Md. App. 370 (1998). In 2000, the Maryland Court of Appeals vacated and remanded on other grounds that decision to the lower court. The Court of Appeals, however, never addressed the issue of the constitutionality of compensatory damages and attorney's fees or costs. *See Broadcast Equities, Inc. v. Montgomery County*, 360 Md. 438 (2000). Braswell explains that he filed his complaint in federal district court in order to preserve damages that were made unavailable to him at the state administrative level because of the 1998 *Broadcast* decision.

## III.

In his first amended complaint, Braswell contends that he is not seeking a determination of liability under Title VII. Rather, he states that he is seeking "an award of damages as to any damages not available to [him] at the administrative level before the MCHRC" pursuant to the Supreme Court's decision in *New York Gaslight, Inc. v. Carey*, 447 U.S. 54, 65 (1980). For the following reasons, we find that Braswell's reliance on the *New York Gaslight* decision is misplaced.

First, in his complaint, Braswell requests that the district court award him compensatory damages. The Supreme Court's decision in *New York Gaslight*, however, only applies to an award of attorney's fees. Indeed, in *New York Gaslight*, the Supreme Court held that Title VII's "authorization of a civil suit in federal court encompasses a suit *solely* to obtain an award of attorney's fees for legal work done in state and local proceedings." 447 U.S. at 66 (emphasis added). Thus, Braswell would not be entitled to compensatory damages because, under *New York Gaslight*, he would only be entitled to an award of attorney's fees. Second, Braswell's request for attorney's fees would also be barred under *New York Gaslight*. In *New York Gaslight*, the Supreme Court held that Title VII authorizes "a federal-court action to recover attorney's fees for work done by the *prevailing complainant* in state proceedings to which the complainant was referred pursuant to provisions in Title VII." *Id.* at 70 (emphasis added). Here, the MCHRC has yet to determine whether Braswell is, in fact, the "prevailing complainant" in his dispute with the Montgomery County Department of Corrections. Accordingly, he would not be entitled to recover attorney's fees under *New York Gaslight*.

Even assuming that the MCHRC reached a decision favorable to Braswell and he could maintain a suit for attorney's fees under *New York Gaslight*, his claim is, nevertheless, not cognizable. In *Chris v. Tenet*, 221 F.3d 648 (4th Cir. 2000), this Court held that district courts lack subject matter jurisdiction over Title VII actions that do not seek "to enforce the substantive rights guaranteed by Title VII, specifically the right to be free from employment discrimination on the basis of race, color, religion, sex, or national origin." 221 F.3d at 255. Because Braswell's complaint expressly states that he is not seeking to "en-

force the substantive rights guaranteed by Title VII," the district court lacked subject matter jurisdiction over his claims.

## IV.

For the reasons stated herein, we affirm the district court's order dismissing Braswell's first amended complaint.

*AFFIRMED*